8249

KAMMER v. SUPREME LODGE KNIGHTS OF PYTHIAS.

1. PLEADINGS—INSURANCE.—Allegations that a fraternal order was incorporated in one of the States of the American Union and that it has an insurance department for insuring the lives of its members, are sufficient to allege capacity to issue policies of insurance.

2. ESTOPPEL.—AN INSURANCE COMPANY collecting premiums or dues on a policy or certificate is estopped from denying its capacity to be sued as such organization.

3. CONTRACTS—WRITINGS—INSURANCE.—The writings making up a contract must be construed together. Here the certificate and by-laws so construed mean that the thirty-six months' payment of dues making a certificate noncontestible begin to run when the member is transferred to the fifth class.

Before SHIPP, J., Barnwell, October term, 1911. Reversed.

Action by Catherine W. Kammer against Supreme Lodge Knights of Pythias. Defendant appeals.

*Messrs. Bates & Simms,* for appellant, cite: *Benefit is forfeited if insured die of excessive use of intoxicants:* 66 Mo. App. 449; 5 Ohio Dec. 242; 7 Am. R. 122; 28 N. Y. Supp. 661; 58 S. W. 241; 61 Mo. App. 97; 65 N. W. 552; 44 N. E. 1099; 56 N. E. 300; 2 L. R. A. 784; 1 L. R. A. 659; 80 Vt. 526; 66 Ala. 655; 122 N. W. 721; 113 N. W. 695; 67 S. E. 247; 127 N. W. 665. *Waiver of forfeiture stipulations:* 92 N. W. 206; 22 Mo. App. 127; 52 L. R. A. 861; 183 U. S. 308; 108 Ga. 391; 74 Fed. 1144; 151 Fed. 66;

48 Ill. App. 164; 56 N. W. 773; 30 S. W. 959; 45 S. E.
1003. *Provisions prohibiting waiver by officers are bind-
ing:* 47 S. E. 94; 66 Am. Dec. 410; 67 N. Y. Supp. 197;
37 S. E. 427; 68 Ind. 347; 10 L. R. A. 577; 75 N. W. 1012;
25 S. W. 390; 117 Fed. 369; 110 Ill. App. 139; 35 N. E.
168; 42 At. 944; 21 So. 559.

*Messrs. James E. Davis, R. C. Holman* and *W. H. Town-
send,* contra, cite: *Rights of member depend on all writings
relating to them:* 72 At. 574. *Inconsistency, or obscurity,
should be solved against the order:* 78 S. C. 77; 9 A. & E.
Ann. Cas. 918; 19 Id. 60; 83 Mo. App. 442; 92 Pac. 712;
55 Am. R. 192; 92 Wis. 577; 90 S. C. 175; 54 S. C. 593.
*Party may waive any provision intended for his benefit:*
15 Wall. 159; 85 S. C. 37; 81 S. C. 155. *Defendant has
burden of showing death from intoxicants:* 25 Cyc. 927d;
102 N. W. 165; 92 N. E. 66.

July 10, 1912. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. This is an action by the plain-
tiff, as beneficiary in a certificate of membership issued to
Henry Kammer, her husband, by the Supreme Lodge
Knights of Pythias.

The allegations of the complaint which we deem it neces-
sary to reproduce (as there was a demurrer) are as follows:

First. "That the defendant above named is a fraternal
order, and is incorporated under the laws of one of the
United States of America, and has for its corporate name,
The Supreme Lodge Knights of Pythias.

Second. "That among other things, the said defendant
corporation has an insurance department, for the purpose of
insuring the lives of its members, who are in good standing
in said order.

Third. "That Henry Kammer, late of the county and
State aforesaid, before and at the time hereinafter men-

tioned, was a member of said order (in good standing), to wit: of Blackville Lodge No. 18, one of defendant's local lodges, located at Blackville, S. C., where the said Henry Kammer resided.

Fourth. "That on the first day of November, A. D. 1908, the defendant above named, for and in consideration of the payment to it, by the said Henry Kammer of the sum of three dollars and sixteen cents monthly premiums, insured the life of the said Henry Kammer in Plan 'D,' Class 5, in its insurance department for the sum of two thousand dollars, and thereby issued to him, its certain certificate of membership No. 256323, (otherwise called its policy of insurance), made payable to the plaintiff above named, who was the wife of the said Henry Kammer, at the head office of its board of control, upon the death of the said Henry Kammer, and upon the receipt and approval of satisfactory proofs, of the fact and cause of the death of said member, while the aforesaid certificate is in full force.

Fifth. "That on the 24th day of August, A. D. 1910, the said Henry Kammer died, having fulfilled all the conditions on his part, and the plaintiff has fully complied, with all the conditions of said certificate, or policy of insurance on her part.

Sixth. "That no part of said insurance has been paid, and, the said sum of two thousand dollars is now due this plaintiff (beneficiary), upon said certificate, or policy as hereinbefore set forth."

The defendant demurred to the complaint, on the ground that it did not state facts, sufficient to constitute a cause of action, in that "it does not allege defendant's capacity to make the contract set forth in the complaint, and the purpose for which it was incorporated."

In disposing of this ground, his Honor, the presiding Judge, said: "I think the allegations in the first and second paragraphs of the complaint, are sufficient to show that the defendant had the capacity to issue the policy."

Not only was this ground of demurrer properly overruled, for the reasons just stated, but the case of *Williamson* v. *Association,* 54 S. C. 582, 32 S. E. 765, shows, that the defendant, after receiving the benefits mentioned in the complaint, was estopped from relying upon such fact.

There was a second ground of demurrer, but his Honor, the presiding Judge, allowed the plaintiff to amend her complaint so as to remedy the alleged defect.

The demurrer was, therefore, properly overruled.

The defendant, after admitting certain facts, alleged as a defense, "that amongst the various privileges and requirements of the said fifth clause, are especially these agreements contained in the 4th, 10th, and 11th, paragraphs of said certificate, and a part of said application for transfer, to wit:

4th. "After *this* certificate has been in full force for thirty-six consecutive months, (three years) *from the date thereof,* it shall be noncontestable.' " * * * (Italics ours).

"That notwithstanding, that the said certificate was not in force for thirty-six consecutive months from its date, and notwithstanding the agreement of said Henry Kammer, that 'if his death be caused or superinduced by the use of intoxicating liquors, narcotics or opiates,' the said Henry Kammer's death as alleged in the complaint, was caused or superinduced by the use of intoxicating liquors, narcotics or opiates, as this defendant is informed, and believes; and under the terms of said certificate, the amount 'to be paid on this certificate, if any, shall be a sum only in proportion to the whole amount thereof, as the member's matured life expectancy, is to his entire expectancy, at the date of this certificate.' " * * *

"That if there be anything due under this certificate of membership, the amount is $152.03."

The defendant introduced in evidence, for the purpose of sustaining said defense, section 32 of the by-laws, which was as follows:

"If the death of any member of the Fourth Class heretofore admitted, or hereafter admitted, to said class, or if the death of any member of the Fifth Class shall result from suicide, either voluntary or involuntary, whether such member shall be sane or insane at the time, or if such death shall be caused or superinduced by the use of intoxicating liquors, narcotics or opiates, or in consequence of a duel or at the hands of justice, or in violation, or attempted violation of any criminal law, then the amount to be paid upon such member's certificate, shall be a sum only in proportion to the whole amount, as the matured life expectancy is to the entire expectancy, at date of admission to the insurance department, the expectation of life based upon the American Experience Table of Mortality in force at the time of such death to govern: *Provided,* That in the case of members transferred to the Fourth Class, from either of the former First, Second or Third Classes, the date of such transfer shall be taken, as the date of admission to the insurance department, in computing the amount to be paid as aforesaid: *Provided,* That this section shall not apply to any member of the Fifth Class, who has, at the time of his death, been in continuous good standing in the insurance department for thirty-six months consecutively, immediately preceding his death."

After reading said section to the jury, his Honor, the Circuit Judge, thus charged them: "I want you to notice these provisions: 'provided, that in case of parties transferred to the Fourth Class, from either of the First, Second or Third Classes, the date of such transfer shall be taken as the date of the admission to the insurance department,' etc.

"I charge you that this section does not apply, in the case of a member of the Fifth Class, such as is sued on in this case. It does not apply if the person insured, has been in good standing in the insurance department, either the Fourth Class or Fifth Class, for thirty-six months immediately preceding the time of his death. * * * My reason for making

this ruling is, you will notice in the first proviso, it is provided in case of a transfer into the Fourth Class from the First, Second or Third Classes, it says the date of the transfer, shall be taken as the date of admission to the insurance department. But in the next proviso, there is no such thing as that, there is no such language as that used, but it is provided, 'that this section shall not apply to any member of the Fifth Class, who has at the time of his death, been in continuous good standing in the insurance department, for thirty-six months."

If his Honor, the presiding Judge, had only been called upon to consider section 32 of the by-laws, it may be that he properly construed it. But his construction is inconsistent with the provisions of the certificate, quoted in the answer of the defendant. The words in the 4th paragraph of the certificate, which we italicized, show that the thirty-six consecutive months therein mentioned, were to commence from the date of the certificate, transferring Kammer to the Fifth Class. Furthermore, if section 32 of the by-laws was properly construed by the Circuit Judge, then there was no necessity to insert in the certificate, the provisions set out in the answer. The writings which form the contract must be construed together, and the construction which we have placed upon them is the only one, that will give force and effect to every part thereof.

The exceptions raising this question are sustained.

These views practically dispose of all questions involved.

Judgment reversed and new trial granted.